McKeague *v.* Armstrong.

---

CHARLES McKEAGUE

*v.*

BENJAMIN ARMSTRONG, THOMAS ARMSTRONG et al.

A father conveyed a farm to his son, the only consideration for which was the assumption by the son of the payment of certain debts of the father, including one due the complainant. The son, with the father's consent, offered to pay the complainant by the son's note, payable at a future day, which the complainant declined and sued the father and obtained judgment for his debt, and filed a bill to subject the land in the son's hands to the lien of his judgment.—*Held*, that the conveyance tended to hinder and delay the complainant in the collection of his debt and was void against him.

---

On final hearing on pleadings and proofs.

*Mr. J. E. P. Abbott*, for the complainant.

*Mr. Leverett Newcomb*, for the defendants.

PITNEY, V. C.

The bill is filed by a judgment creditor against his debtor and a person to whom he had conveyed land, for the purpose of subjecting the land conveyed to the lien of the judgment.

Prior to the conveyance in question Benjamin Armstrong was indebted to the complainant for borrowed money in the principal sum of $400, with arrears of interest, and also to two or three other persons. He was the owner of a small farm, worth enough

to pay all his debts, including a small mortgage. This farm he conveyed to his son Thomas, the defendant, for the consideration expressed in the deed of $1,200.

The answer of Thomas sets out the consideration as follows : $1,200 in the promissory notes of his father which he, Thomas, held against him ; the assumption by Thomas of a debt owed by the father to one Graziania for $325; a mortgage on the premises for $375, held by one Hein, and a balance of $165 due on a judgment against the father held by Mr. Newcomb, making in all $2,040.

In point of fact the son did not hold any notes against his father and paid him nothing for the property, but agreed in consideration of the conveyance to pay certain debts of his father, including the complainant's. In pursuance of that agreement he called on the complainant and offered him his note in exchange for that of his father's. This the complainant declined to accept and commenced suit against the father and obtained the judgment upon which his bill is founded. After the refusal of the complainant to accept the note of the son the latter gave his father his note for $500, which the father still holds.

The offer by the son to give the complainant his note in exchange for his father's note held by the complainant was made with the consent of the father and was part of the agreement upon which the conveyance was made, and the giving of the note by the son to the father was evidently an afterthought and intended to make a show of a full consideration for the conveyance. This $500 note to the father was not set up in the answer, and its existence was discovered during the taking of the depositions before the master. There was a feeble attempt to prove that the father was indebted to the son for work and labor done at the time of the conveyance, and that such indebtedness formed a part of the consideration. The proofs supporting this indebtedness were very unsatisfactory, and, taken in connection with the statement in detail found in the answer, failed to establish it.

Upon these facts it seems clear enough that the conveyance is infected with the vice of having been made to hinder and delay complainant in the collection of his debt. Under its shield the

debtor said to the creditor, " you cannot force me to pay my debt to you, and I insist that you shall take the promissory note of my son, payable at a future day in payment and satisfaction of my note, instead of the actual money to which by the law of the land you are entitled."

This was imposing terms upon him and hindering and delaying him in the use of the regular and lawful means of collecting the debt. *Knight* v. *Packer, 1 Beas. 214; Vannest* v. *Yoe, 1 Sandf. Ch. 4; Owen* v. *Arvis, 2 Dutch. 22; Livermore* v. *McNair, 7 Stew. Eq. 478; Wait Fraud. Con. § 11.*

Van Fleet, V.-C., *7 Stew. Eq.* (at *p. 483*), tersely says: "A creditor has a right to have his debtor's property applied to the decrease of his debts by the due course of law, and any disposition which a debtor may attempt to make that has the effect of defeating this right, is a fraud against the creditor."

The complainant is entitled to relief.

The defendant Thomas executed a mortgage upon the premises to secure one of the items of indebtedness which he assumed. The mortgagee was not made a party and his rights cannot be affected by a decree in this cause unless the mortgage was given after the bill was filed and a notice of *lis pendens* was filed in the county clerk's office.